9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marin SAVU, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9550.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1993.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, SETH, and BRIGHT[2], Circuit Judges.
 
 
 1
 Marin Savu appeals a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying Mr. Savu's application for asylum under 8 U.S.C. 1158 and withholding of deportation under 8 U.S.C. 1253(h). We exercise jurisdiction pursuant to 8 U.S.C. 1105a(a) and affirm.
 
 
 2
 Mr. Savu is a native of Romania. He bases his claims for asylum and withholding of deportation on several incidents between him and the Romanian government which he alleges were the result of his political activities.
 
 I. Asylum Claim
 
 3
 To be eligible for asylum, an alien must show that he qualifies as a "refugee." 8 C.F.R. 208.13-.14. To qualify as a refugee, an alien must show that he has a "well-founded fear of persecution" based on race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. 208.13(b)(2). A well-founded fear exists where there is a "reasonable possibility" of future persecution. Id.
 
 
 4
 Qualifying as a refugee, however, only makes an alien eligible for asylum. 8 C.F.R. 208.14. The Attorney General then has discretion as to whether asylum should be granted. Id. "The Attorney General's discretion in the asylum procedure is extremely broad. '[W]e review whether the discretion was ... exercised in a non-arbitrary and non-capricious manner.' " Kapcia v. INS, 944 F.2d 702, 708 (10th Cir.1991) (citations omitted).
 
 
 5
 The IJ and the BIA both held that even if Mr. Savu is a "refugee" eligible for asylum, he should not be granted asylum as a matter of discretion. Mr. Savu passed through Germany and Canada on his way to the United States and initiated asylum proceedings in both countries. The BIA found that he abandoned his asylum applications in those countries to seek work and medical attention in the United States. Under the circumstances we find that the BIA did not abuse its discretion in holding that a grant of asylum should be withheld in this case. Because this is an independent ground for denying Mr. Savu's request for asylum, we need not review the substance of his claims with regard to his refugee status.
 
 II. Withholding of Deportation Claim
 
 6
 The BIA also denied Mr. Savu's claim for withholding of deportation. Unlike an asylum claim, a claim for withholding of deportation is not subject to the Attorney General's discretion. We review the BIA's determination regarding eligibility for withholding of deportation as to whether it is supported by substantial evidence. See Kapcia, 944 F.2d at 709.
 
 
 7
 The standard for granting withholding of deportation is more stringent than that for establishing refugee status for asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). To be eligible for withholding of deportation, an alien must demonstrate a "clear probability of persecution" based on race, religion, nationality, membership in a particular social group, or political opinion. Id. at 430 (emphasis added); see 8 C.F.R. 208.16(b) (requiring a showing that persecution is "more likely than not").
 
 
 8
 The BIA held that Mr. Savu does not meet the less stringent ("reasonable possibility" of persecution) requirement for asylum eligibility and that this necessarily means that he does not meet the more stringent ("clear probability" of persecution) requirement for withholding of deportation. We find substantial evidence on the record to support the finding that Mr. Savu did not meet the requirement for withholding of deportation.
 
 
 9
 For the foregoing reasons we AFFIRM the Board of Immigration Appeal's ruling denying Mr. Savu's petition for asylum and withholding of deportation.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eight Circuit, sitting by designation